# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2280

_____

United States of America

*Plaintiff - Appellee*

v.

Cresencio Trujillo-Duran, also known as Salbador Carrillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: February 10, 2014
Filed: March 11, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Cresencio Trujillo-Duran pleaded guilty to being an illegal alien in possession of a firearm, 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), and the District Court[1]

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

sentenced him to 60 months' imprisonment, an upward variance from the advisory U.S. Sentencing Guidelines range of 21 to 27 months' imprisonment. Trujillo-Duran appeals, arguing that the District Court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A district court has broad discretion to consider the sentencing factors described in 18 U.S.C. § 3553(a), determine the relative weight to be given each factor, and impose an appropriate sentence. United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011), cert. denied, 132 S. Ct. 1942 (2012). The court abuses its discretion if it fails to consider a relevant sentencing factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

In explaining its decision to vary upward and impose a 60-month sentence, the District Court emphasized Trujillo-Duran's involvement in an incident during which multiple gunshots were fired from a moving vehicle in a populated area. This was the incident underlying the instant firearm-possession offense and was therefore relevant conduct for which Trujillo-Duran received no criminal history points. The court also noted Trujillo-Duran's participation in an attempted robbery, during which the female victim was threatened with a taser in a movie-theater parking lot and eventually hid beneath her vehicle to avoid her assailants. The court then engaged in a lengthy colloquy with Trujillo-Duran, who repeatedly denied responsibility for these offenses and claimed only to have been the victim of "bad luck." Tr. of Change of Plea and Sent. Hr'g at 20.

Trujillo-Duran contends that the court committed a clear error of judgment by citing only the seriousness of his offense and the need for deterrence of future crimes

as justifications for the upward variance and by relying too heavily on his criminal history—particularly because his prior crimes were already accounted for in the calculation of his advisory Guidelines sentencing range.

First, § 3553(a) allows sentencing courts to vary upward based on underrepresented criminal history, among other factors. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). And we have previously held that a sentencing court may vary from the Guidelines range based on a defendant's criminal history, even if that history was used in calculating the advisory Guidelines range. See Richart, 662 F.3d at 1052 (noting that an upward variance based on factors already considered in a Guidelines calculation are permissible when the advisory Guidelines sentence does not fully account for those factors or when the court applies broader § 3553(a) factors); United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009) (same). Second, the court's decision to assign significant weight to the nature and circumstances of Trujillo-Duran's prior offenses and the need to deter him from future criminal conduct was well within the court's broad sentencing discretion. See Richart, 662 F.3d at 1054. In sum, the District Court did not abuse its discretion by considering these factors and concluding that an upward variance from the advisory Guidelines range was appropriate.

Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall, 552 U.S. at 51, we conclude that Trujillo-Duran's sentence is not unreasonable. Accordingly, we affirm the judgment of the District Court.

_____